May it please the Court, I'm Morris Goetzels, I'm representing the appellant, Bruce Barton. I think the main issue facing the Court is that the employer has the burden of proof to show that which of the employers, excuse me, the plan has the burden of proof and the employer to show which companies or employers are covered under that plan. It shouldn't be the employee's burden of proof and that's what I think was backwards in the District Court. The second point I'd like to make is that there's no opposition. They seem to be saying that he didn't work at all for any of the companies that are covered by the pension plan. It's a little unclear from their letter, but that's what they seem to be saying. Well, Your Honor, I believe if you're referring to the decision of the plan, they claimed that there were possible breaks in service. They didn't in that letter. Well, I thought they said that you are not covered by the plan. They said the companies that he worked for weren't covered by the plan. I'm sorry? There were possible breaks in service. So they did admit that the companies he worked for were covered by the plan. Could I get back to your burden of proof issue for a moment? So in this munici-amic, we said that the claimant has the burden of proving entitlement to benefits. That was under a de novo standard. And so what's the basis for your saying that it's not the claimant's burden of proof? Is there a case that supports that? There are no cases. I think there should be a decision that says that. Okay. So we've said in de novo it's the claimant's burden. Here we have you've argued that it's de novo here, and the other side argues that it's a discretion review. But in either event, why aren't we bound by precedent saying it's the claimant's burden of proof? Because which employers the plan covers is something that the plan should know and the plan sponsors should know. How can the employee know in a case like this where they're claiming all he knows is that he worked for ADT? That's who he worked for. A different ADT of Massachusetts, an ADT of Illinois, and there were several different companies, right? He never saw any of that until he got his Social Security records. When he was working there, all they told him was you worked for ADT. So you're saying as a practical matter, because this information is in the control of the company, it should be the company's burden. Has any circuit agreed with that? Is there a case? Or are you saying this is just your proposed rule is completely an issue of first impression? That's right. But I think it makes logical sense. Councilman, let me push you on that a little bit if I can. In a situation like we have here where he quits the job in 1986 and then 25 years later he comes back, 24 years later he comes back and says I want my benefits. I mean from a corporation standpoint, if every single employee from 25 years ago claimed they had pension benefits and it's up to the employer or the plan essentially to prove a negative, would your proposition be that if the employer can't prove a negative to all these employees, that all these employees would, because they have the burden and they failed it, they would get to participate in the plan? Well, they need to have evidence of who they worked for. Here, he worked for ADT. If Tyco hadn't bought ADT, I don't think there would have been a problem. The problem came out because Tyco doesn't have the records. They don't even have the 1976 pension. But under your proposed rule, if an employee came in with a declaration and said I worked for ADT for this time period and I should get a pension and the employer cannot offer documents to basically dismiss that or counteract that, impeach that evidence, then the employee should win. I don't really think that's the issue. The issue is when you have a main company and it has a control group of companies that it controls, it's not up to the employee who just thinks he's working for the main company to prove which companies were covered by the plan. The plan has to know that. They have to know who the employers are. And not just anybody can pop up and say, well, I worked for the main company. They have to have proof. Mr. Barton has proof. He's got his ID cards. He's got his Social Security that does show ADT for at least 13 of the entries. And he's got the facts that he was always told you're working for ADT. He never heard of these other entities. So assuming we disagree with this burden of proof with this rule that you're suggesting, does that mean that Mr. Barton loses? I think it does, yes. Okay. The only other thing I'd like to point out is that any difficulty getting tax records back that far? I mean, presumably his tax record would show his employers and would have the W-2s attached. I think there was a problem getting those. We weren't able to get them. IRS didn't have them? Right. And your client didn't have them? Right. And I think we did show some of the W-2s actually in evidence that just said American District Telegraph Company, ADT. We actually brought in, now that I'm thinking about it, we brought in as exhibits some of his W-2s. And they claimed that it said American District Telegraph Company. Then there was like a little O that they claimed was an of and that they didn't prove anything. But the W-2s that he has were issued by ADT. Okay. You've got about three minutes left. Do you want to save them for rebuttal? Yes. Yes. Thank you. May it please the Court, my name is Stuart Talkner, and I represent the three appellees in this matter, ADT Security Services Pension Plan, the Tyco International Management Company, which is the plan's sponsor, and Tyco International Management Company LLC Administrative Committee, which is the plan administrator. Now, I've read the decision here, and I'm still not clear why they deny benefits. Is it that he didn't work for at all for a company that's covered by the pension plan? Is it that he just didn't provide enough proof of continuous service? It seems to say both things. No. He worked for an entity called the American Telegraph Company, which was a covered entity. However, there were numerous breaks in service. So it's perfectly clear that he did work for a company that was covered. Right. And your letter says we don't have any record at all of his participation. So obviously, from what you've said, your records are incomplete. No, that's not true. What our records show is— No, no, wait, wait. You said he did work for a company that's covered by the pension plan. And the letter also says that there's no record of your participation in the plan. Right? So that sounds to me like you work for a company that's covered by the plan, and we just don't have any record that you worked for that company at all. Two separate things. It says there's no evidence of any participation in the plan, not that there's no evidence of ever having worked for a company that does participate in the plan. Those are two completely different things. So you could be working for a company that's covered by the plan and not participate in the plan? You are not a participant until you have worked for enough time for a service in order to become an actual participant in the plan. The plan is very specific as to the number of years of continuous service that you need in order to become a participant under the plan. Do they have records of any of his work for a company that is covered by the plan? Does your client have? These letters are really obscure. What they don't have— any useful information as to what's going on. Have you guys read Boutin? I'm sorry? Have you read the Boutin case? It's 20 years ago. Boutin and Safran, where we say you've got to give a common sense explanation as to what you're doing. So here's the common sense explanation. Why isn't it in this letter? I think it's in the letter. I've read it, and it's not there. The letter, it may not be as clear as it should be, but what the letter does say, I believe, a fair reading of the letter says, that we have no evidence, no record of your participation in this plan for which you are seeking a pension. Does that mean you don't have any records at all that he worked for one of those companies? Or does it mean the records are— you've got records, but they don't cover enough time? The truth is neither. We have no records of him actually working for a company that puts him as a participant in the plan, and we have no evidence of any continuation. Why would that be the case, since we know that he did in fact work for a company that is covered by the plan? Why would you not have at least partial records? I can't answer the question as to why we don't have a record that shows him as having worked for a company. I don't know the answer to that question. What I do know— But it's a big problem for you. It's a big problem for you, because if the problem here is you guys haven't kept adequate records, and he can prove that he was there at least part of the time, then why shouldn't the burden be on you, and any loss of records should be your responsibility? And why shouldn't you make this clear in this letter as to what's going on, as we've said again and again, that these things are supposed to be written in plain English in a way that somebody can understand? Do you guys ever talk to your clients about that? Do we have to write another opinion saying, make this intelligible? In the real world, Your Honor, what happens with— This is the real world. Right. This is the real world. If the real world doesn't conform to what we say, we're going to have to change it. Right, right. What happens in a case like this, that a letter like that is designed to elicit, is some piece of paper that any planned participant gets when they're in a plan that says, welcome to the ADT security services plan. Here's a bunch of paperwork that you need for when you want to retire, when you're 65. Here's what happens. Here's your vested interest. Here's the amount of— So this is a piece of paper that was sent to Mr. Barton? No, it doesn't exist. And Mr. Barton didn't present it either, because Mr. Barton— So why are you hypothesizing about a piece of paper that doesn't exist? Well, because— Why doesn't their plan have the responsibility up front, when he starts working, to say, look, this is what you need to do, and these are the records you need to keep, and if you want to have benefits, this is what you will have to present 20 years later. So this issue of a burden of proof is really the— No, no, this is not a burden of proof issue. This is a notice issue. The plan summary must lay out the responsibilities of the employee. It must say, look, this is the plan, and this is how you go about taking benefits of the plan. You have to do certain filings. You have to keep certain records. You have to provide certain proof if you want to— Where is that document? Well, plans do that, but they don't do it to Mr. Barton, because Mr. Barton wasn't a participant in the plan. So how is he going to get notice? But you have said that he worked for an employer that was a participant in the plan. So at some point early on, he starts working, and there must be some notice to him that, by the way, when you finish working so many years, you will get a pension. Right. At some point when he becomes eligible for participation in the plan, he gets a notice like that, but he doesn't get a notice like that just on the first day that he works.  Why is that not the case? I don't know. I don't know why he doesn't get it on the first day. If the benefits start accruing with every day you work, you start becoming eligible, why isn't the plan required to provide him information about how to go about taking advantage of those benefits? Well, I don't— There is nothing in the record that indicates, and there was never any discussion at the trial, anything about the notice at the beginning of the plan. Well, isn't that your burden? I'm sorry? Isn't that your burden? No. The burden is clearly set by Ninth Circuit standards as when a claimant is seeking a benefit under the plan, it is the claimant's responsibility to establish each and every element sufficient to prove eligibility. Any of these cases you're relying on deal with the question of whether or not you in fact were a participant in the plan? There's no cases that address the question of the identity of the precise employer, but it's the same— Why is that his burden? Why isn't that your burden? If he worked for an employer that you have now admitted was a participant in the plan, and he has evidence that he worked at least some of those periods, why isn't it your burden to show that he in fact has less than the requisite amount of time? To be precise, what the record demonstrates, and what is clear from his Social Security records, is that he worked for a variety of different entities associated with the American telegraph companies which had a plan. What hasn't been demonstrated is that any of these entities were what are called controlled companies or affiliated companies under the plan, such that he would be a covered employer. But you have admitted that at least for some of the time he worked for a covered employer. He's worked for the American telegraph company, and I don't know precisely whether or not that demonstrates that he worked for, at any time, a covered employer under the plan. So I need to be clear on precisely what the record shows. It's not as if the record is clear that he worked for a controlled company at any moment. He did work for a variety of different subsidiaries of the same company. This whole issue, though, I would argue... Do we know how many of those subsidiaries were covered by the plan? That's not part of the record, no. But I would argue that's a matter of discovery that the plaintiff could have and should have and had the opportunity to do as part of proving up his case, which he could have done just like any other party to a lawsuit who has the burden of proof and has the ability to get that information. That wasn't done in this case. If he has a burden of proof? Well, he does under applicable current law. He has the burden of proof. What's the case that you're citing? What is the applicable current law? I think it's the MetLife case that puts the... M-U-N-I-Z. Was that a case involving whether or not he was a planned participant? It was a case involving eligibility for a benefit. It certainly is not on all fours with this case, like the identity of the employer. What was it? I'm sorry, what's the citation? No, I have a citation. This had to do with... This was a question of whether or not he was ill enough to... Right? Right, right. It's quite different from deciding whether or not you're a planned participant. Well, it is, but I think that the issue in terms of placing the burden of proof has always been, to my knowledge, has always been... It's really quite different. Whether or not you're sick, in a particular instance, is evidence that's sort of within your control. You go to your doctor and so on. But the question of whether or not you are covered by a pension plan for an employer, I mean, the idea that you have to keep all of your slips that you get for 20 years, that you have to keep all that information, unless you give them clear notice ahead of time saying, look, if you want your pension, you've got to come up with your pay stubs. Nobody expects to do that. Not at all. Not at all, Your Honor. And again, what happens is... I'm sorry, what do you mean, not at all? No, I agree with you that nobody should be expected to have to prove their eligibility for a pension by showing tax slips and this sort of thing. Well, it seems that's what you're asking. No, because what happens is that people who have been part of a plan have numerous documentation, or at least some documentation, such that if there is a mistake made by the company and they don't include a worthy participant as part of the plan, they send out a denial letter. The applicant has the ability to appeal that denial, and they come in with something that ties them after 20 years to the plan. You would expect there to be... What about the fact that they bring in evidence they worked for an employer covered by the plan? Why isn't that tied to the plan? Well, because... What you're suggesting, if I understand correctly, Your Honor... Just answer my question. Don't recharacterize it. You said you have to come up with something tying to the plan. Why isn't providing evidence, look, I worked for an employer that's covered by the plan. Why doesn't that tie them to the plan? Because that evidence itself doesn't show that he worked... The evidence he brought in showed actual breaks in service, working for different companies. But you already said he's not required... We're not asking him to bring in all of his pay stubs. All he has to do is bring in something showing that he's tied to the plan, tying him to the plan. But you are, in fact, requiring pay slips for all those missing periods. By tying him to the plan, what I mean is something that shows that he was actually enrolled in the plan, not that he worked for some subsidiary that happened to have the same name as the primary company. Well, you already said that he worked for a company that's covered by the plan. And that's all he produced. All he produced is a document that showed that at some point along the way he worked for American District Telegraph Company. That's the only thing that he showed. He didn't show that he had ever received anything from the plan itself. He didn't show that he had ever been given notice that he was part of the plan. And to suggest that it could be placed, that the burden to prove that could be placed upon the plan or the employer, would put us into the situation that Judge Owens mentioned in his earlier question, which is that any time somebody comes in and walks in off the street and says, I think I deserve a plan also... It's not that question because he has shown that he in fact worked for an employer covered by the plan. That excludes a lot of people who can't prove that they work for their employer during that time period. It's not just anybody who walks off the street. But it's not just during that time period. It's somebody, so for instance, somebody that walks in off the street who shows that, you know, at one point in time they worked for, you know, Coca-Cola, and then they walk in to the Coca-Cola and demand a, you know, a pension. Then shifting the burden would put the burden on Coca-Cola to demonstrate that throughout the year... Yeah, he worked here, and here are records, and here are the days he worked, and here are the days he didn't work. And that's what we expect companies to do. That's what we expect employers who run pension plans to do, is to, you know, once you show that I did work there, and there are gaps in the record, we'll show you what our records are, and our records show that you didn't work enough hours. That I can understand. But to say you proved you worked there, and now you have to prove up every period, how do you do that without pay slips? This is in a very rare circumstance where somebody walks in, let's say he's eligible for the plan. Let's say there are no breaks in service. Let's say he is the one employee for whom we never signed him up for the plan. We never had him. He worked for 20 years. He never got any notice that he was part of the plan. He didn't notice that he lacked those documents. 20 additional years went by, and he is the... Well, maybe he got them, and he threw them away, thinking there's no reason for me to keep them. I would expect to hear that in testimony at trial if that were the case. I never heard that. Never heard anything to that effect. So let's assume that he is the one guy that every possible mistake was made. He never got notice that he was in the plan. The company made a mistake and didn't include him on the records, even though he worked for years and years and years on the plans. 20 years went by. He never did anything about it. He then walks in. I would submit that his burden is what any applicant's burden under that kind of circumstance should be, that he goes through discovery. He gets the information necessary to prove up his case, even though we have more of the information. From where? From the company. But no discovery was done like that. In other words, in this case... You think he has to go by discovery rather than having you guys just produce it? I don't think that shifting the burden of proof, forcing us to prove a lineage of his work history, is sufficient for an example of somebody... Why shouldn't you, since you are affiliated with the company, be in a position to check those records and find out where they are? Why force him to go through discovery? Why isn't this part of your burden in adjudicating his claim to go to the company, get whatever records they have, and then come up and say, look, here are the records we have? Because what the records of a planned fiduciary has are records related to the planned fiduciary. So we go through our records. We see that we have no records of this particular appellant. We ask him, do you have records demonstrating that you were a member of this plan entitled to a pension? He doesn't have any. None of this is designed to go through tax records or anything else. We're focusing on the plan, and he never had any records of participation in the plan. We don't have any records of participation in the plan. And what the plaintiff is suggesting, the appellant is suggesting in this case, is that because nobody had any records of his participation in the plan, which, by the way, I would submit suggests he's not a member of the plan, but because nobody has it, we should put the burden on the company or the plan to recreate every claimant's progression of work history in order to establish whether or not that person is eligible for a plan. I don't think that makes sense in the context of this case, and I don't think it makes sense as a matter of public policy. Well, that's your position. Okay, I think you've had more than your time. Thank you. You've got about three minutes left for rebuttal. There's about four points I'd like to make. I'll start with the discovery issue. It would not have been possible to find out which companies are the controlled companies because Tyco does not have those records, and they showed Tyco does not have those records. When they took over ADT, they don't have the records of which companies were covered by the plan because they would have produced them at the trial. They don't have them. They were looking for them. You can tell from their time records. They don't have those records. Did you ask for them in discovery? No, but we tried to do some research about it, and we couldn't find anything, and I don't believe those records exist. The second point I wanted to make is... So what do you think happened? I think a lot of records were lost because they didn't even have the 1976 pension plan. And the other point I wanted to make is there are no enrollment forms for this pension plan. It's very clear in the plan. You don't have to have an enrollment form. You don't have to have a certificate that you were in the plan. All you have to have is proof that you were employed there. And we did put in the supplemental excerpts of the record, which were introduced at the trial, we do have his pay stubs here, which show American District Telegraph, and we do have his W-2s at supplemental excerpt of the record 306 through 310 that all say American District Telegraph Company. So we actually do have those records. I also wanted to address Justice Ikuda's question, if I could. I think my answer was wrong that he would have to lose based on the burden of proof because the real issue is there were no breaks in service, and they failed to investigate to find out if there were any. And that's clear in the record that they didn't try to find out what these so-called other employers were. The initial position of the plan was, yes, all these other companies are covered, but you had breaks in service because you went out and took a second job at Christmastime and worked for a moving company, but you were still employed full-time by ADT, because he went and worked as a, not worked as, but he went to marine reserve camps, and he was paid for doing that, and they said that was a break in service. There were no breaks in service, and they, under Booten, they should have gotten the information on that. The fact is that the court didn't really decide based on the trial, or the trial transcript, or the burden of proof. The court went back to the letters, and the letters all concede that he is covered by the plan. They only raise, and they don't even say, you definitely had breaks in service. They say, maybe you had a break in service. We don't know. We think these might have been breaks in service. But they did, they made no effort to get the facts about what they were claiming were breaks in service, and had they asked Mr. Barton, he would have said, I took a part-time job at Christmas, but I was still working for ADT. I went to my marine reserve camp, and I got paid for that. I was still working full-time at ADT. Okay, thank you. All right, thank you. Case is argued. We'll stand for a minute.
judges: Kozinski, Ikuta, Owens